**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FEDAYI CEBE**, *et al.*, | : | **CIVIL ACTION** |
| *Plaintiffs*, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **BISOFT INC.**, *et al.*, | : | **No. 25-cv-4973** |
| *Defendants*. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                          **March 31, 2026**

Pending before the Court is Defendants Bisoft, Inc. ("Bisoft") and Venkata Muchivolu's

(collectively, "Defendants") Partial Motion to Dismiss the Amended Complaint.  ECF No. 37.  For

the reasons set forth below, the Motion (ECF No. 37) will be **GRANTED**.

## I.       INTRODUCTION

The Court writes for the benefit of the Parties and assumes familiarity with the underlying

facts of the case.  *See* ECF No. 15 at 1–2.  Plaintiffs initiated the instant litigation by filing a

complaint against Defendants.  ECF No. 1.  Plaintiffs' three-count complaint asserted claims for

conversion, fraud, and breach of contract against Defendants.  *Id.* ¶¶ 25–39.

Defendants moved to dismiss all claims except for Plaintiffs' breach of contract claim

asserted against Defendant Bisoft.  ECF No. 13.  That Motion (ECF No. 13) was granted, and

Defendants were ordered to answer Plaintiffs' remaining breach of contract claim.  ECF No. 16 at

1.  In response, and with leave from the Court (ECF No. 28), Plaintiffs filed an Amended

Complaint on February 25, 2026.  ECF No. 31.

Plaintiffs' Amended Complaint asserts claims against Defendants for conversion (Count

I), fraud (Count II), breach of contract (Count III), and violations of the Pennsylvania Wage

Payment and Collection Law (the "WPCL") (Count IV).  ECF No. 31 ¶¶ 40–60.  Defendants have

filed a Partial Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil

Procedure ("Rule") 12(b)(6).    ECF No. 37.    The matter has been fully briefed and will be considered on the basis of the submissions, without oral argument.    ECF Nos. 40–41.

## II.    DISCUSSION

Defendants have moved to dismiss all claims except for Count III as brought against Defendant Bisoft.  ECF No. 37 at 2.  Plaintiffs oppose, but only as to Defendants' arguments in favor of dismissing Plaintiffs' WPCL claim.  ECF No. 40 at 3.

### A.    Plaintiffs Have Abandoned Several of Their Claims

As an initial matter, Plaintiffs have not addressed Defendants' arguments in favor of dismissal of Plaintiffs' claims for conversion (Count I), fraud (Count II), or breach of contract (Count III). In lieu of grappling with Defendants' arguments, Plaintiffs "acknowledge that the Court has ruled against them on those issues, and Plaintiffs do not seek to revive those claims by way of the amended complaint."  *See* ECF No. 40 at 3.  Therefore, Counts I and II have been abandoned against all Defendants and Count III has been abandoned as brought against Defendant Muchivolu. *See Jackson v. Federal Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.").[1]  Accordingly, Counts I, and II will be

---

[1] The Court is mindful of the Third Circuit's directive that district courts should not assume that "a party's failure to respond to a motion to dismiss can be regarded as an abandonment of the claim." *Shuey v. Schwab*, 350 F. App'x 630, 633 (3d Cir. 2009); *see Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) ("The fact is that if a motion to dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint has failed to state a claim upon which relief may be granted. Rather, it is dismissed as a sanction for failure to comply with the local court rule."); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868–70 (3d Cir. 1984) (setting out the factors to be considered when determining whether a to lift a default judgment and/or whether a district court has abused its discretion in dismissing a complaint).  Here, the Court need not assume.  As Plaintiffs point out, the Court has previously ruled on the plausibility of Plaintiffs' claims for conversion, fraud, and breach of contract set forth in the original Complaint.  *See* ECF No. 16.  Previously, the Court granted Defendants' previous Partial Motion to Dismiss (ECF No. 13) and dismissed Plaintiff's claims for conversion and fraud against all Defendants and dismiss Plaintiffs' breach of contract claim against Defendant Muchivolu.  *Id.*

dismissed against all Defendants and Count III will be dismissed against Defendant Muchivolu. *See Arcuri v. Cnty. of Montgomery*, No. CV 20-5408, 2021 WL 1811576, at *10 (E.D. Pa. May 6, 2021) ("Other courts in this district have considered a plaintiff's failure to substantively address a defendant's arguments for dismissal as an abandonment of those claims, begetting dismissal of the claim." (collecting cases)).

### B.    Count IV Will Be Dismissed for Failure to State a Claim

Defendants have moved to dismiss Plaintiffs' WPCL claim (Count IV).  ECF No. 37 at 7–8.  Defendants argue that Plaintiffs have not stated a plausible WPCL claim because they have not alleged that either of Plaintiffs are "employees" within the meaning of the WPCL.  ECF No. 37 at 7–8.

As relevant here, "[t]he WPCL 'provides employees a statutory remedy to recover wages and other benefits that are contractually due to them.'"  *Carlson v. Qualtek Wireless, LLC*, No. 22-2569, 2023 WL 5094566, at *4 (3d Cir. Aug. 9, 2023) (quoting *Oberneder v. Link Comput. Corp.*, 696 A.2d 148, 150 (Pa. 1997)).  That is, the WPCL "requires employers to pay employees their promised wages 'in lawful money of the United States or check.'"  *Burrell v. Staff*, 60 F.4th 25, 49 (3d Cir. 2023) (quoting 43 PA. STAT. AND CONS. STAT. § 260.3(a) (West 1977)).  The contract creates the "right to compensation," whereas the WPCL merely provides a plaintiff with an avenue to seek relief where promised wages were not paid.  *Id.* (quoting *Weldon v. Kraft*, 896 F.2d 793, 801 (3d Cir. 1990)).  To state a claim under the WPCL a plaintiff must plausibly allege that they have "a contractual entitlement to compensation from wages and a failure to pay that compensation.'"  *Carlson*, 2023 WL 5094566, at *4 (quoting *Braun v. Wal-Mart Stores, Inc.*, 24

---

Accordingly, the Court will permit Plaintiffs to make certain tactical decision to selectively defend the claims they have asserted in the Amended Complaint.  *See Jackson*, 766 F.3d at 198 ("Pleadings are often designed to include all possible claims or defenses, and parties are always free to abandon some of them.").

A.3d 875, 954 (Pa. Super. Ct. 2011)).

Defendants argue that it was Fit Solutions, LLC, that had an oral agreement with Bisoft, not Cebe. ECF No. 37 at 3–4, 7–8. Defendants point to Plaintiffs' allegations that Cebe was paid through Fit Solutions, LLC and that Bisoft actually paid Fit Solutions, LLC, not Cebe.[2] *Id.* at 4, 8. Defendants further argue that Cebe should not be permitted to step into the shoes of his limited liability company for *tax benefits* when forming an agreement with Bisoft, and then "disregard his corporate form" when seeking to recover lost wages as an individual employee. ECF No. 41 at 2. Plaintiffs oppose, arguing that both Plaintiffs had an agreement with Bisoft and that the mere fact that Cebe was paid through a limited liability company does not change his status as an "employee" under the WPCL. ECF No. 40 at 4–7.

Upon review, the Court finds that Plaintiffs have not plausibly alleged that Plaintiff Cebe had an oral agreement, or "contractual right to compensation,"[3] with Defendants, only that Fit Solutions, LLC did. *See* ECF No. 31 ¶¶ 1, 16–17. In the Amended Complaint, Plaintiffs describe that the arrangement between the Parties was such that Cebe worked for Dow Chemical *indirectly* through Bisoft, and that Cebe worked for Bisoft *indirectly* through his own limited liability company, Fit Solutions, LLC. *Id.* ¶¶ 1, 16. Plaintiffs allege that "[u]nder the parties' oral agreement, Bisoft would keep $15 for every hour that Cebe billed and Cebe would receive the rest[,]" *id.* ¶ 1, and that Bisoft would actually pay the entity Fit Solutions, LLC, not Cebe. *Id.* ¶¶ 16, 17. Thus, even construing the Second Amended Complaint in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have plausibly alleged only that Fit Solutions had

---

[2] Defendants cite to portions of the Amended Complaint. ECF No. 37 at 4, 8. However, Plaintiffs have filed a Second Amended Complaint. ECF No. 31. Therefore, the Court refers to the Second Amended Complaint when considering Defendants' arguments.

[3] *Carlson*, 2023 WL 5094566, at *4 (quoting *Braun*, 24 A.3d at 954).

"contractual entitlement to wages" from Bisoft, not Cebe.  *See* ECF No. 31 ¶¶ 1, 16–17

But it is not enough to have a contractual entitlement to wages.  The plaintiff must also constitute an "employee" within the meaning of the WPCL.  *See Williams v. Jani-King of Phila. Inc.*, 837 F.3d 314, 319–20 (3d Cir. 2016) (citations omitted).  The WPCL does not explicitly define "employee" in the statutory text.  *Id.* at 320 (citing *Morin v. Brassington*, 871 A.2d 844, 849 (Pa. Super. Ct. 2005)).  "Pennsylvania courts have looked to similar statutes such as the Pennsylvania Unemployment Compensation Act and the Pennsylvania Workers' Compensation Act."  *Id.* (citing *Morin*, 871 A.2d at 849).

As the Third Circuit has summarized, Pennsylvania courts interpreting the Unemployment Compensation Act, the Workers' Compensation Act, and the WPCL have all adopted the same multifactor test for determining.  *See Williams*, 837 F.3d at 320.  To determine whether an individual is an "employee" within the meaning of the WPCL, courts look to the following factors:

> The control of the manner that work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; the skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether the work is part of the regular business of the employer, and the right to terminate the employment at any time.

*Id.* (citing *Morin*, 871 A.2d at 850).

These factors, however, leave the Court with little guidance as to whether an entity such as Fit Solutions, LLC may be considered an "employee" within the meaning of the WPCL. Defendants assert that Pennsylvania courts have already addressed this precise issue and held that corporations are not "employees" within the meaning of the WPCL.  ECF No. 37 at 7–8. Defendants rely on a Pennsylvania Superior Court decision, *Frank Burns Inc. v. Interdigital Commc'ns. Corp.*, 704 A.2d 678 (Pa. Super. Ct. 1997).  *See id.*

In *Frank Burns Inc.*, the Pennsylvania Superior Court held that "the definition of

5

'employee' is limited to natural persons." 704 A.2d at 680–81 ("[W]e conclude that a corporation cannot qualify as an employee for purposes of the WPCL."). The court reasoned that both the Pennsylvania Unemployment Compensation Act and the Pennsylvania Workers' Compensation Act contain technical definitions of "employee" that specifically *exclude* corporations. *Id.* at 680 (citations omitted). Accordingly, the court determined that the language of the two similar employment statutes "provide[d] a more similar context" for determining whether a Pennsylvania corporation could constitute an "employee" under the WPCL. *Id.*

Plaintiffs attempt to distinguish *Frank Burns Inc.* from the instant case on the ground that the *Frank Burns* court did not consider whether the sole individual working for the corporation constituted an "employee" within the meaning of the WPCL. ECF No. 40 at 5. Plaintiffs ask the Court to follow the reasoning applied by the court in *Myers v. Jani-King*, No. CIV.A. 09-1738, 2015 WL 1055700, at *7–8 (E.D. Pa. Mar. 11, 2015) *aff'd sub nom.*, *Williams v. Jani-King of Phila. Inc.*, 837 F.3d 314 (3d Cir. 2016), for the proposition that where a corporation *and* an individual are both parties to an agreement for compensation with the employer, the existence of the corporation does not prevent the individuals from asserting WPCL claims. *Id.* at 5–6 (citing *Myers*, 2015 WL 1055700, at *7–8).

But a reading of *Myers* reveals that it is inapposite here. In *Myers*, the individuals were actually *parties* to the agreements in question with the employer. *Myers*, 2015 1055700, at *7–8. The issue before the district court then, was not whether individuals paid through an LLC or corporation were "employees" within the meaning of the WPCL, but whether the inclusion of the corporations in the agreements at all precluded the named plaintiff from representing the proposed class. *Id.* at *8. The district court explained as much. *See id.* ("If Plaintiffs claim that a corporation formed by a Jani–King franchisee is an employee of Jani–King and that improper deductions were taken from the corporation, in violation of the WPCL, those claims will fail[,] [w]e do not read the

6

word "individuals" in Plaintiffs' class definition to include corporations."). Thus, the holding of *Myers* supports Defendants' position that an LLC cannot bring an actionable WPCL claim.

Upon review, the Court finds that Fit Solutions, LLC does not constitute an "employee" within the meaning of the WPCL as a matter of law. The Third Circuit's directive to district courts to look to the Pennsylvania Unemployment Compensation Act and the Pennsylvania Workers' Compensation Act when determining who, *or what*, is considered an employee under the WPCL is clear. *See Williams*, 837 F.3d at 320 (citing *Morin*, 871 A.2d at 849). Following that directive, the Court looks to the technical definitions found in each of those statutes—as the *Frank Burns* court did—to determine whether an LLC or corporation may be considered an employee under the *WPCL*. *See Frank Burns Inc.*, 704 A.2d at 680 (referring to the Pennsylvania Unemployment Compensation and the Pennsylvania Workers' Compensation Acts). Both statutes define employee as an "individual" or "natural person." *See* 43 PA. STAT. AND CONS. STAT. § 753(i) (West 2022); 77 PA. STAT. AND CONS. STAT. § 22 (West 2014). Thus, as the *Frank Burns Inc.* and the *Myers* courts each observed, neither of the statutes extend such broad protections for wage loss to corporate entities or limited liability companies, only individuals. *See* 43 PA. STAT. AND CONS. STAT. § 753(i) (West 2022); *see also* 77 PA. STAT. AND CONS. STAT. § 22 (West 2014). Therefore, Plaintiffs have not plausibly alleged that Fit Solutions, LLC was an "employee" within the meaning of the WPCL. Accordingly, Count IV will be dismissed.

## III.    CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants' Partial Motion to Dismiss (ECF No. 37). The Court will dismiss Counts I, II, and IV against Defendants. The Court will dismiss Count III only as to Defendant Muchivolu only. Plaintiffs' breach-of-contract claim against Bisoft remains. An appropriate Order will follow.

7

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**